UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. RIGHETTI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-11-2717 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 54)** |

　　　　Plaintiff Gerald S. Righetti, an inmate at California's Salinas Valley State Prison ("SVSP"), filed this suit against, *inter alia*, the California Department of Corrections and Rehabilitation ("CDCR"), the Warden of SVSP, other prison employees, and various medical professionals, alleging that they violated both his federal and state rights by failing to provide him with appropriate medical care. *See* Docket No. 16 (Amended Complaint). The California Attorney General's Office, on behalf of CDCR and all state employees individually named in the suit (except Dr. Duc Nguyen), filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket No. 54. For the reasons stated on the record and in this order, Defendants' Motion to Dismiss is **GRANTED**.

　　　　As stated more fully on the record, the Court finds that Plaintiff's claims against CDCR, SVSP, and the named state employees in their official capacity are barred by the Eleventh Amendment to the U.S. Constitution. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff's Fourth cause of action for medical negligence against the named state employees in their individual capacities is likewise barred by Cal. Gov't Code § 945.6, the applicable statute of

limitations to this claim. Statutory tolling for incarcerated persons under California Code of Civil Procedure § 352.1 is inapplicable in this matter, since it "does not apply to an action against a public entity or public employee . . ." Cal. Civ. Proc. Code § 352.1(b). Nor will equitable tolling under California law preserve this claim, since any period of equitable tolling would have ended in April 2008 when Plaintiff completed CDCR's administrative grievance procedure. The aforementioned claims are **DISMISSED** with prejudice.

Plaintiff's three remaining 42 U.S.C. § 1983 claims alleging violations of his Eight Amendment rights under the U.S. Constitution also fail to state a claim under Fed. R. Civ. P. 12(b)(6). As stated more fully on the record, the Court finds that Plaintiff has failed to allege sufficient facts to support his action for supervisory liability. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* "Even under a 'deliberate indifference' theory of individual liability," Righetti "must still allege sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011) *cert. denied,* 132 S. Ct. 2101 (U.S. 2012)). Plaintiff has not plead sufficient facts to show that each State Defendant "personally played a role in the alleged constitutional violations," or had the requisite level of knowledge to establish deliberate indifference. *Menotti v. City of Seattle,* 409 F.3d 1113, 1149 (9th Cir. 2005). *See also Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012).

Nor has Plaintiff alleged sufficient facts to show that Defendants' "deprived Plaintiff Righetti of his rights by instituting and/or allowing for official policies that, when followed by employees, resulted in the deprivation of rights." Amended Complaint ¶ 59. Plaintiff's complaint fails to state a § 1983 claim because, as in *Hydrick*, "there is no allegation of a *specific* policy implemented by the Defendants or a *specific* event or events instigated by the Defendants that led to

[the] purportedly unconstitutional [conduct]." *Hydrick*, 669 F.3d at 942 (emphasis in original). As such, Plaintiff's amended complaint as against these Defendants is **DISMISSED** without prejudice.

The Court recognizes that Plaintiff lacks access to the relevant information at this stage of the proceeding to meet his pleading burden. Accordingly, as stated on the record, the Court shall permit Plaintiff to take reasonable, limited, and narrowly tailored discovery to determine whether state employee Defendants had knowledge of and acquiesced in unconstitutional conduct by their subordinates. *See Starr v. Baca*, 652 F.3d 1202 (describing required level of knowledge). *See also Jones v. AIG Risk Mgmt.*, 726 F. Supp. 2d 1049, 1055 (N.D. Cal. 2010) (adopting a similar approach for allowing limited discovery – i.e., dismissing complaint as to certain defendants but allowing plaintiff to take limited discovery as to those defendants' role in alleged misconduct); *Villains, Inc. v. Am. Econ. Ins. Co.*, C-12-0828 EMC, 2012 WL 1534890 (N.D. Cal. Apr. 30, 2012) (same).

This order disposes of Docket No. 54.

IT IS SO ORDERED.

Dated: October 15, 2012

_____
EDWARD M. CHEN
United States District Judge