UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. RIGHETTI,<br><br>      Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>      Defendants.<br>_____/ | No. C-11-2717 EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>**(Docket No. 64)** |

      Plaintiff Gerald S. Righetti, an inmate at California's Salinas Valley State Prison ("SVSP"), filed this suit against, *inter alia*, the California Department of Corrections and Rehabilitation ("CDCR"), the Warden of SVSP, other prison employees, and various medical professionals, alleging that they violated both his federal and state rights by failing to provide him with appropriate medical care. *See* Amended Complaint (Docket No. 16) (hereinafter "FAC"). Defendant Dr. Neil Richman, a Orthopedic Department surgeon at Plaintiff's treating hospital, filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Docket No. 64. For the reasons stated on the record and in this order, Defendant's motion to dismiss is **GRANTED**.

A.    Section 1983 Claim

      As stated more fully on the record, the Court finds that Plaintiff fails to state a § 1983 claim against Dr. Richman. Section 1983 creates a civil cause of action against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives another person of any of their "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. §

1983. In order to state a claim for damages under § 1983, a complaint must allege that (1) "the conduct complained of was committed by a person acting under color of state law," and that " (2) "this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Mr. Righetti alleges that Dr. Richman's decision to cancel a surgery to repair his broken femur violated his Eighth Amendment right to be free from the infliction of cruel and ususal punishment. *See* FAC at 11. "The Eighth Amendment prohibits the imposition of cruel and unusual punishment and 'embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (quoting *Estelle v. Gamble,* 429 U.S. 97, 102 (1976)). "A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Snow*, 681 F.3d at 985 (quoting *Farmer v. Brennan,* 511 U.S. 825, 828 (1994)). "[D]eliberate indifference requires more than ordinary lack of due care for the prisoner's interests or safety." *Id.* Rather, "[t]he state of mind for deliberate indifference is [one of] subjective recklessness." *Id*.

It is important to note that "the deliberate indifference doctrine is limited in scope." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). The Supreme Court has held that "in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind," and thus does not rise to the level of 'deliberate indifference.' *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A plaintiff's § 1983 complaint that "a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Gamble*, 429 U.S. at 106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*.

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see also Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("a mere difference of medical opinion is insufficient, as a matter of law, to establish deliberate indifference") (quoting

*Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (quotation marks omitted). "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d at 1058 (quoting *Jackson v. McIntosh,* 90 F.3d at 332 (quotation marks omitted)).

As presented in the amended complaint, Mr. Righetti's allegations regarding Dr. Richman's treatment (prescribing pain medication and allowing his leg to heal naturally without surgery) do not rise beyond the level of medical negligence. His recitation of the facts merely allege that Dr. Richman (1) cancelled Plaintiff's surgery in whole or in part because Plaintiff's disability renders him unable to walk, and (2) that he never spoke to and never examined Mr. Righetti. FAC ¶ 32. Plaintiff does not allege that Dr. Richman failed to review the x-ray of Plaintiff's broken leg or that he cancelled the surgery without ensuring that Plaintiff's injury was to be treated in an alternate, medically acceptable manner, and the Court is not obliged to infer such conduct absent supporting factual allegations. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). The amended complaint does not allege that Dr. Richman acted because of an "improper motive" (*see Snow v. McDaniel*, 681 F.3d at 987), that his chosen course of treatment was "medically unacceptable under the circumstances" (*see Toguchi v. Chung*, 391 F.3d at 1058), or that he "chose this course in conscious disregard of an excessive risk to plaintiff's health" (*see Jackson v. McIntosh*, 90 F.3d at 332). Rather, the amended complaint indicates that Dr. Richman made a medical decision to allow Plaintiff's leg to heal naturally, and to treat Plaintiff with narcotic medications, rather than to conduct the surgery. FAC ¶ 31. Plaintiff makes no allegation in the amended complaint that, in canceling the surgery and opting for an alternate method of treatment, Dr. Richman prescribed a course of treatment that was "medically unacceptable under the circumstances" or that he acted with "subjective recklessness," *Snow v. McDaniel*, 681 F.3d at 985, that is, that he "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. at 837 (stating how subjective recklessness requires that an "official must both

3

be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

While a delay in treatment can in some cases constitute deliberate indifference where the delay was harmful, *see Jett v. Penner*, 439 F.3d 1091, 1094, 1097-98 (9th Cir. 2006) (holding that a prison physician's months-long delay in scheduling a medical consultation ordered by the prisoner's prior physician could constitute deliberate indifference, where the record showed that the delay was harmful), the amended complaint does not allege that Dr. Richman delayed Plaintiff's treatment -- it alleges that he ordered an alternate course of treatment. As such, the Court **DISMISSES** without prejudice Plaintiff's §1983 claim. Plaintiff is given 60 days to file an amended complaint.

B.  Qualified Immunity

Dr. Richman argues that he is entitled to qualified immunity for his alleged § 1983 liability. Following the Supreme Court's decision in *Saucier v. Katz*, 533 U.S. 194 (2001), the Ninth Circuit implemented a two-step analysis for determining whether a defendant may avail himself of qualified immunity. First, a court must consider whether the facts in a case show that a defendant's conduct violated a constitutional right. *Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1049-50 (9th Cir. 2002). If the facts show a violation of such a right, the court must then consider "whether the constitutional right . . . violated was clearly established" at the time the violation took place. *Estate of Ford,* 301 F.3d at 1050. This second step contains its own "two-part inquiry," asking both "(1) [w]as the law governing the state official's conduct clearly established" at the time of the alleged wrongdoing, and "(2) [u]nder that law could a reasonable state official have believed his conduct was lawful?" *Id.* at 1050 (quoting *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001)).

Having found that Plaintiff failed to state a § 1983 claim against Dr. Richman in the amended complaint, the Court need not decide whether Dr. Richman enjoys the benefits afforded by qualified immunity. The Court does note, however, that a finding of deliberate indifference in the Eighth Amendment context may very well preclude the finding of good faith necessary to avail oneself of qualified immunity. *See Albers v. Whitley*, 743 F.2d 1372, 1376 (9th Cir. 1984) *rev'd on other grounds,* 475 U.S. 312 (1986) (noting that "[t]he two findings are mutually exclusive").

C.     Statute of Limitations

Finally, Dr. Richman argues that Mr. Righetti's state law medical negligence claim is untimely under California's applicable statute of limitations. As Plaintiff acknowledged in his papers and at oral argument, the Court has already found Mr. Righetti's negligence claim to be time-barred against Dr. Richman's co-Defendants. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Docket No. 71) at pgs. 8-12. For the reasons stated on the record and in this Court's prior order, the Court finds that Plaintiff's medical negligence claim against Dr. Richman is also untimely under California law.

Mr. Righetti has offered no argument, nor cited any authority, that would cause this Court to alter or amend its earlier ruling on the timeliness of his claim. Plaintiff cites several federal cases for the proposition that equitable tolling is available to claims made by prisoners who face 'extraordinary circumstances.' *See* Pl's Response Br. (Docket No. 72) at 12. However, Plaintiff's cited authorities on this point all involve grants of equitable tolling with regard to limitations periods created under federal statutes. *See Ford v. Gonzalez*, 683 F.3d 1230 (9th Cir. 2012); *Leon v. Hedgpeth*, 467 F. App'x 665 (9th Cir. 2012); and *Ontiveros v. Subia*, 365 F. App'x 848 (9th Cir. 2010). These cases address the availability of equitable tolling under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §§ 2241, *et. seq.*). As Plaintiff's medical negligence claim against Dr. Richman is based on California state law, federal standards for granting equitable tolling do not apply. *See Yeager v. Bowlin*, 10-15297, 2012 WL 3900671 at *1 (9th Cir. Sept. 10, 2012) ("Federal courts must abide by a state's tolling rules, which are integrally related to statues of limitations.") (citing *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir.2011)).

California state law permits equitable tolling "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." *Elkins v. Derby*, 12 Cal.3d 410, 414 (1974). The California Supreme Court has articulated a multi-faceted standard for deciding whether to apply equitable tolling to a particular claim that is otherwise time-barred. The three "core elements" of that standard are: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith

5

and reasonable conduct by the plaintiff in filing the second claim." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (Cal. Ct. App. 1983) (citing *Addison v. State of California*, 21 Cal. 3d 313 (1978)).

Here any equitable tolling under this California law would not save Mr. Righetti's claim. Even if the pendency of his administrative claim equitably tolled the limitations period, his lawsuit still was not filed within the limitations period. *See Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 926 (Cal. Ct. App. 1983) ("if a plaintiff delayed filing the second claim until the statute on that claim had nearly run, even after crediting the tolled period, his conduct might be considered unreasonable"). *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (Docket No. 71); FAC ¶ 41.

Mr. Righetti does not cite any authority for any other basis for equitably tolling under California law. As such, the Court rejects Plaintiff's argument of entitlement to equitable tolling, and **DISMISSES** with prejudice the medical negligence claim against Dr. Richman.

This order disposes of Docket No. 64.

IT IS SO ORDERED.

Dated: November 15, 2012

_____
EDWARD M. CHEN
United States District Judge