UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. RIGHETTI,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-2717 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT**<br><br>**(Docket No. 100)** |

Plaintiff's motion seeks leave of Court to amend his complaint against certain CDCR employees and supervisors pursuant to Fed. R. Civ. P. 15.[1] *See* Motion for Leave to File Third Amended Complaint (Docket No. 100). For the reasons stated on the record and in this order, Plaintiff's motion for leave to file a third amended complaint is **GRANTED** in part and **DENIED** in part.

As stated more fully on the record, Plaintiff's motion for leave to amend his complaint against Dr. Lee to allege deliberate indifference to serious medical needs is denied but leave is granted to file a Fourth Amended Complaint stating additional facts. At oral argument, Plaintiff's counsel represented that they had located credible evidence supporting their allegation that Dr. Lee's "chosen course of treatment" for Mr. Righetti "was medically unacceptable under the circumstances,

---

[1] Plaintiff seeks leave to amend his complaint against the following CDCR employees: Warden Michael Evans, Dr. Charles Dudley Lee, Nurse Kathleen Wall, Nurse Mark Hudson, and Nurse Peter Chalich.

and was chosen in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996) (quotation marks omitted)). While the burden remains a rigorous one, particularly in light of the fact that other physicians had just concluded surgery was not warranted, the Court will give Mr. Righetti one more opportunity to amend this claim.

However, Plaintiff's remaining proposed amendments to the complaint fail to state valid causes of action against the named Defendants under § 1983, and leave to amend these claims is hereby denied. "Leave to amend need not be given" under Rule 15 if it would be futile to do so, such as "if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). As stated more fully on the record, Plaintiff's proposed §1983 claim against the other Defendants including Dr. Lee based on supervisory liability fails to identify a specific policy or practice "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of [Mr. Righetti's] constitutional violation." *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001) (citing *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)) (internal quotations omitted). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. No policy or practice liability may be found against a defendant where "there is no allegation of a *specific* policy implemented by [a defendant] or a *specific* event or events instigated by [a defendant] that led to [the] purportedly unconstitutional [conduct]." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (emphasis in original).

Likewise, Plaintiff's proposed claim regarding the Defendants' alleged failure to train or supervise subordinates does not draw a causal connection between the Defendants' alleged conduct and the claimed violation of Mr. Righetti's Eighth Amendment rights sufficient to state a cause of action under § 1983. In order to state a viable claim based on a supervisor's failure to train or supervise a subordinate, a plaintiff must plead sufficient facts to show that each accused supervisor "personally played a role in the alleged constitutional violations." *Menotti v. City of Seattle,* 409 F.3d 1113, 1149 (9th Cir. 2005). "Government officials may not be held liable for the

unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. at 676. A complaint must go beyond a theory of *respondeat superior* and allege that each named supervisor was either "personally involved in the constitutional deprivation" alleged or that "there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" in order to state a viable claim. *Snow v. McDaniel*, 681 F.3d at 989 (citations omitted). At most the allegations establish negligence in supervision that may have led to torts, not constitutional violations. And unlike *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011), there are no plausible allegations of a widespread pattern of abuse of the kind inflicted upon the Plaintiff known to or tolerated by the Defendant supervisors. Allegations that prior lawsuits were brought by inmates for Eighth Amendment violations, without any alleged actions substantiating the claims made therein do not give rise to a plausible claim of supervisory liability. For instance, there is no allegations that any of the suits resulted in a plaintiff's verdict or findings of violation. Nor has Plaintiff shown that the findings of deficiencies in *Plata* are causally related to what happened to Mr. Righetti.

Plaintiff's Motion for Leave to File a Third Amended Complaint is therefore **GRANTED IN PART**. Plaintiff shall file his amended claims against Dr. Lee for deliberate indifference to serious medical needs within 30 days. The remainder of Plaintiff's motion is denied, and any further attempt to amend the complaint against these named Defendants must be done through a new and separate motion under Rule 15 if and when more substantial evidence is revealed.

This order disposes of Docket No. 100.

IT IS SO ORDERED.

Dated: April 16, 2013

_____
EDWARD M. CHEN
United States District Judge

3