UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. RIGHETTI,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-2717 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**(Docket No. 114)** |

## I. INTRODUCTION

Pending before the Court is Plaintiff's motion to strike Defendant Dr. William Benda's first through tenth and twelfth affirmative defenses. Docket No. 114. Plaintiff argues that Benda fails to allege sufficient facts to support the applicability of the defenses to the instant case, and thus fails to meet the pleading standard under *Iqbal* and *Twombly*. Defendant Benda does not object to striking affirmative defenses five, six, and eight, but argues that he has sufficiently plead the remaining affirmative defenses. Docket No. 119. Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Righetti, who is currently incarcerated in state prison, has a condition called triplegia that prevents him from moving his legs or left arm. Second Amended Complaint ("SAC") ¶ 4. The instant suit arises out of a July 2007 incident where Plaintiff broke his left femur when he fell from his bed. SAC ¶ 21. He alleges that various medical professionals who treated him in the

following weeks failed to timely detect the broken bone, and that they failed to provide him with proper treatment for two months even once the break had been diagnosed. SAC ¶¶ 23-42. Plaintiff now brings causes of action against Defendants alleging violation of his Eighth Amendment rights and medical negligence. SAC ¶¶ 45-74.

The current motion pertains only to Defendant Dr. William Benda, who works for Natividad Medical Center, a hospital near the prison where Defendant was sent for treatment the day after his fall, and on several subsequent occasions. SAC ¶¶ 25-28, 33-35, 42. Plaintiff alleges that he saw Defendant Benda when he was first treated at Natividad, and that he explained to Defendant Benda the fall and that he was experiencing excruciating pain in his head, upper left leg, and hip. SAC ¶ 25. Plaintiff alleges that Defendant Benda failed to perform a physical examination, and "did not touch or examine Plaintiff Righetti's leg at all." *Id.* Plaintiff further alleges that Defendant Benda failed to record Plaintiff's reports of pain in Plaintiff's medical records. *Id.*

Plaintiff alleges that despite his reports of pain in his upper left leg and hip, Defendant Benda ordered an x-ray to be taken only of Plaintiff's knee, and that this failure to order proper x-rays contributed to the delayed diagnosis of Plaintiff's fractured femur. SAC ¶¶ 25-27. According to Plaintiff, he again saw Defendant Benda after the x-ray, and strenuously protested that the technician had not x-rayed the correct part of his leg. SAC ¶ 27. Defendant Benda allegedly ignored Plaintiff's concerns, and discharged Plaintiff without examining him. *Id.* Plaintiff does not allege that Defendant Benda was involved in his care at any subsequent point in time. Plaintiff brings only one cause of action against Defendant Benda, a § 1983 claim alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment. SAC ¶¶ 45-50.

Defendant Benda filed a motion to dismiss Plaintiff's First Amended Complaint on August 14, 2012. Docket No. 48. This Court granted that motion and dismissed the claims against Defendant Benda with leave to amend, finding that Plaintiff had failed to adequately plead deliberate indifference. Docket No. 71 at 7-8. After Plaintiff amended his complaint, Defendant Benda again filed a motion to dismiss, arguing that Plaintiff had again failed to allege sufficient facts to support a finding of deliberate indifference. Docket No. 84. This Court denied that motion on January 30, 2013. Docket No. 97.

2

On March 8, 2013, Defendant Benda filed his answer to Plaintiff's Second Amended Complaint. Defendant Benda denies that he ever treated Plaintiff at Natividad, though he admits that he took the referral from an individual at the prison, and filled out one of the forms in Plaintiff's medical records. Benda Answer ¶¶ 25, 27. He also raises twelve affirmative defenses: (1) failure to state a claim; (2) statute of limitations; (3) negligence of plaintiff; (4) comparative negligence; (5) the applicability of the Medical Malpractice Compensation Reform Act; (6) California Civil Code § 1714.8 (barring recovery for injuries caused by the natural progression of a disease or condition, or by the natural or expected results of reasonable treatment); (7) failure to mitigate; (8) failure to mitigate - assumption of risk; (9) laches; (10) the applicability of the Fair Responsibility Act of 1986; (11) no causation; and (12) no damage.

Plaintiff argues that all of these affirmative defenses except the eleventh are not supported by allegations in the answer, and that they should thus be struck. Defendant does not object to striking affirmative defenses five, six, and eight. Docket No. 119 at 2.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 12(f), "[a] court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] Fed.R.Civ.P. 12(f). Rule 8(c), requires parties to "affirmatively state any avoidance or affirmative defense," and Rule 8(b)(1) further requires a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1), (c). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). While the Ninth Circuit has not addressed whether the *Ashcroft/Twombly* pleading standard applies to affirmative defenses, most courts which have considered the issue have applied the heightened pleading standard to affirmative defenses. *See*

---

[1] Defendant Benda argues that motions to strike are extreme measures regarded with disfavor, and that Plaintiff's motion should not be granted because it is a waste of resources that would be "better spent investigating Dr. Benda's position, and identifying the name of the provider who allegedly mistreated plaintiff." Def.'s Opp. at 4. Putting aside the question of what litigation strategies Defendant Benda believes Plaintiff should pursue, this Court has previously found motions to strike are appropriately granted where affirmative defenses are not adequately plead. *See Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 941 (N.D. Cal. 2012).

3

*PageMelding, Inc. v. ESPN, Inc.*, C 11-06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) ("Within this district . . . there is widespread agreement that" the *Iqbal/Twombly* standard applies to affirmative defenses); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (collecting cases).

As this Court has previously found, "*Twombly's* rationale of giving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses." *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 929 (N.D. Cal. 2012) (citations omitted). Applying the heightened pleading standard to affirmative defenses "serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Barnes*, 718 F. Supp. 2d at 1172 (citations omitted). Further, "[a]pplying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes & Noble*, 849 F. Supp. 2d at 929 (citations omitted). Therefore, the *Iqbal*/*Twombly* standard should apply to determine whether Defendant Benda's affirmative defenses are adequately plead.

Under this standard, "a defense need not include extensive factual allegations in order to give fair notice, [however] bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323 LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (citations omitted). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual basis of the defense." *Id*. (citations omitted).

A.  First Affirmative Defense:  Failure to State a Claim

Plaintiff argues that Defendant Benda has not adequately pled the affirmative defense of failure of failure to state a claim. Benda counters that he "gave plaintiff notice of how he cannot state a claim for relief: Dr. Benda notified plaintiff at Paragraphs 25 and 27 of his Answer that he had no involvement in plaintiff's medical care and treatment." Def.'s Opp. at 4. This is sufficient to give Plaintiff notice of the basis of this defense.

Plaintiff's motion to strike is thus **DENIED** as to this defense.

B.  Second Affirmative Defense: Statute of Limitations

Defendant Benda asserts the defense of statute of limitations, arguing that Plaintiff discovered his injury in July 2007, and filed suit on June 6, 2011, placing him outside the two year statute of limitations period for § 1983 claims. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (California's two year statute of limitations for personal injury claims applies to § 1983 claims). Defendant Benda's argument, however, fails to take into account that under California law, individuals who are imprisoned on criminal charges at the time a cause of action accrues will have the statute of limitations tolled for the period of their incarceration, up to two years. Cal. Code. Civ. Proc. § 352.1; *Jones*, 393 F.3d at 927 ("California law provides for the tolling of a statute of limitations for a period of up to two years based on the disability of imprisonment"). As Plaintiff was incarcerated at the time of his injury and continues to be incarcerated, the statute of limitations for his § 1983 claims is four years. Defendant Benda concedes that the action was filed within four years of the date Plaintiff became aware of his injury.

Accordingly, Defendant Benda's second affirmative defense is **STRICKEN** from his Answer.

C.  Third, Fourth, and Seventh Affirmative Defenses

For his third, fourth, and seventh affirmative defenses, Defendant Benda does not assert any facts that would support a finding of plaintiff's negligence, comparative negligence, or failure to mitigate, respectively. He argues solely that discovery has not yet been conducted, and that if the case against him is not dismissed, he wishes to take discovery to ascertain whether these defenses apply. The fact that Defendant may at some point in the future discover facts that support these defenses is insufficient to allow them to proceed under *Iqbal*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"); *J & J Sports Prods., Inc. v. Mendoza-Govan*, C 10-05123 WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011) (striking affirmative defense where defendant offered no facts in support of its applicability, but argued that discovery may uncover such facts).

Accordingly, Defendant's third, fourth, and seventh affirmative defenses are **STRICKEN** from his Answer.

D. <u>Ninth Affirmative Defense: Laches</u>

In order to establish the defense of laches, a defendant must show "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense" *Costello v. United States*, 365 U.S. 265, 282 (1961). In his opposition, Defendant Benda argues that he can show lack of diligence because Plaintiff waited almost four years to file his complaint in this action. Def.'s Opp. at 5. He does not articulate any facts indicating prejudiced by this delay, though any such information would clearly be in his possession even before any discovery.

Since Defendant Benda has failed to plead any facts establishing the prejudice element of the defense of laches, this defense is **STRICKEN** from his Answer.

E. <u>Tenth Affirmative Defense: Fair Responsibility Act of 1986</u>

Defendant Benda pleads as an affirmative defense the Fair Responsibility Act of 1986, which places limits on the principle of joint and several liability. Cal. Civ. Code §§ 1431.1-1431.5. Accepting as true the allegations in Plaintiff's complaint, there are a number of tortfeasors who contributed to Plaintiff's injuries, of whom Defendant Benda is only one. There is thus a sufficient basis for this defense in the pleadings. Plaintiff's motion to strike is thus **DENIED** as to this defense.

F. <u>Twelfth Affirmative Defense: No Damage</u>

Defendant Benda raises the affirmative defense that Plaintiff was not damaged by any actions taken by Defendant Benda. As he has alleged in his answer that he was not directly involved in Plaintiff's medical care, he has pled a sufficient basis for this defense. Plaintiff's motion to strike is thus **DENIED** as to this defense.

///
///
///
///
///

6

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendant Benda's affirmative defenses is **DENIED** as to defenses one, ten and twelve. It is otherwise **GRANTED** with prejudice as to defenses five, six and eight and without prejudice as to defenses two, three, four, seven and nine. Defendant Benda may file an amended answer within 20 days of the date of this order.

This order disposes of Docket No. 114.

IT IS SO ORDERED.

Dated: May 6, 2013

_____
EDWARD M. CHEN
United States District Judge

7