1  DARIN W. SNYDER (S.B. #136003)
   dsnyder@omm.com
2  DIXIE L. NOONAN (S.B. #257786)
   dnoonan@omm.com
3  MEGHAN K. WOODSOME (S.B. #272459)
   mwoodsome@omm.com
4  LYNDSIE R. SCHMALZ (S.B. #285004)
   lschmalz@omm.com
5  HOAI-MI VU (S.B. #286628)
   mvu@omm.com
6  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
7  San Francisco, California  94111-3823
   Telephone:   (415) 984-8700
8  Facsimile:    (415) 984-8701

9  Attorneys for Plaintiff
   Gerald L. Righetti

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD S. RIGHETTI,<br><br>            Plaintiff,<br><br>    v.<br><br>DR. DUC NGUYEN; IDA GUZMAN; MARCELLA ZUNIGA; DR. WILLIAM BENDA, JR.; and DR. NEIL RICHMAN,<br><br>            Defendants. | Case No. C-11-2717 EMC<br><br>**[P~~ROPO~~SED] STIPULATED PROTECTIVE ORDER**<br><br>Hearing Date:  n/a<br>Time:   n/a<br>Judge:   Edward M. Chen |

Disclosure and discovery activity in this action have involved and will likely continue to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal and that Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**1. Parties**

Plaintiff Gerald L. Righetti, Defendants Duc Nguyen and Marcella Zuniga (the "State Defendants"), and Defendants William Benda, Jr., M.D. and Neil Richman, M.D., by and through their counsel, stipulate as follows:

**2. Purpose**

To protect confidential or privileged information intended by the Parties to remain so protected, while facilitating the sharing of information as part of the Parties' efforts to mediate, settle, or litigate the disputes between them. The Parties recognize that each of them may have documents or information relating to those documents that implicate the Parties' or others' interests in privacy.

**3. Definitions**

**a. Information**

Information shall be deemed to have a broad meaning, and shall include the contents of documents, electronically stored information, transcripts, and materials. Documents created by a Receiving Party that quote or reflect Confidential Information shall also be deemed to be Confidential Information of the Producing Party, except that such information is excluded from any requirements of destruction or return to the Producing Party.

      **b.**      **Confidential Information**

This stipulation covers information that the Producing Party designates "Confidential" or "Attorneys' Eyes Only." Information may be designated as Confidential or Attorneys' Eyes Only when the Designating Party reasonably believes the information disclosed constitutes, reflects, discloses or contains information that is sensitive or potentially privileged.

      **c.**      **Designating Party**

The party who designates a given piece of information as either Confidential or Attorneys' Eyes Only.

      **d.**      **Producing Party**

A party or non-party that produces disclosure or discovery material in this action.

      **e.**      **Receiving Party**

A party that receives disclosure or discovery material from a Producing Party.

**4.**      **Stipulation**

*Absent any mandatory process and until the time to provide the information has expired, including making reasonable efforts to acquire an extension, Confidential Information may not be disclosed to any third party by the Receiving Party.*

**5.**      **Procedure**

      **a.**      **Designation**

To designate information as Confidential, a Producing Party must mark it or identify it in a formal manner as such.

      **b.**      **Marking**

All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Attorneys' Eyes Only by marking the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") on the face of the document and each page so designated. With respect to tangible items or electronically stored information produced in native format, the appropriate legend shall be marked on the face of the tangible item or media containing electronically stored information, if practicable, or by written notice to the Receiving Party at the time of disclosure, production or

filing that such tangible item or media is or contains Confidential Information.

### c. Timing

The Producing Party must designate documents and other objects as "Confidential" or "Attorneys' Eyes Only" before or concurrent with disclosure. All other Parties may designate documents and other objects within fourteen days of the date of disclosure. Parties must designate any deposition testimony as Confidential within fourteen days of receiving the certified transcript of that deposition.

### d. Errors

Accidental or inadvertent disclosure of information does not waive the confidential status of such information or any privilege attached thereto. In the event that Confidential or privileged information is inadvertently disclosed, the Producing Party may thereafter reasonably assert a claim or designation of confidentiality or privilege. The Receiving Party shall gather and return all copies of the accidentally or inadvertently produced Confidential or privileged information to the Producing Party, or certify to the Producing Party that it has been destroyed and/or deleted.

### e. Privileged Information

Any Receiving Party that encounters any information that is privileged (but for the inadvertent production) and that the Producing Party likely did not intend to produce shall inform the Producing Party promptly. Upon notification that documents contain privileged information, the Receiving Party shall make no use of those documents in the mediation, settlement negotiations, or for any purpose whatsoever, and the Receiving Party shall take reasonable steps to ensure such documents are not accessed or reviewed further, including removing those documents from any review databases. The Receiving Party will take immediate steps to ensure the return or destruction of such documents.

### f. Mandatory Process

Upon the receipt of any discovery request, subpoena, public records request, court order, or similar compulsory or mandatory process compelling the production by a Receiving Party of a Producing Party's Confidential Information, the Receiving Party shall promptly notify the Producing Party of that mandatory process to allow them to assert their interests related to the

Confidential Information.

    **g.**     **Extension of Duties of Confidentiality or Privilege**

This Stipulation does not alleviate the Parties' obligations to treat information as confidential, proprietary, work product, or other similar designations, under any other agreements between the Parties.

**6.**     **Who**

Except as stated further, Confidential Information may be reviewed or used only by:

    a.     The Parties (except for documents marked Attorneys Eyes Only);

    b.     The presiding Court;

    c.     Court reporters (including audio and video);

    d.     Special masters;

    e.     Mediators;

    f.     Parties' counsel, including any in-house counsel, participating in the litigation between the Parties;

    g.     Any expert or consultant hired by or working for the Parties in the litigation;

    h.     The direct staff of these people; and,

    i.     Any other person to whom the Producing Party, in writing, authorizes disclosure.

**7.**     **Attorneys' Eyes Only**

For security and operation considerations, as well as personal privacy of staff, certain documents may not be shared with inmates at a California prison. Such documents may be designated as Attorneys' Eyes Only as long as there is a legitimate security or operational consideration or such documents are protected by California law or Department of Corrections and Rehabilitation policy. Such documents cannot be shared with, shown to, or otherwise have their specific contents disclosed to any inmate in a California prison, whether a party to this case or not. In all other respects, documents designated as Attorneys' Eyes Only shall be treated as Confidential Information.

**8.  Where**

Confidential Information must be used only in mediation or other ADR processes or in litigation of the Parties' present dispute and any immediately derivative dispute (e.g., enforcement of a settlement agreement).

**9.  Use**

Any party seeking to disclose any Confidential Information either (i) by attaching such Confidential Information as an exhibit to any court filing, or (ii) disclosing the content of such Confidential Information in any court filing will either move to seal the documents pursuant to Local Rule 79-5 or seek permission from the Producing Party.  If the Parties are unable to resolve a dispute concerning whether Confidential Information is properly designated as Confidential after meeting and conferring, a Receiving Party may seek a court order that the Confidential Information at issue does not reasonably constitute, reflect, disclose or contain information that is sensitive or potentially privileged.  If a party seeks to reference Confidential Information during a hearing, that party shall meet and confer with the Designating Party in advance in an attempt to resolve any concerns over disclosure of Confidential Information.  In the event no such resolution can be reached, the Designating Party may seek a court order closing the courtroom.  Upon request of the party seeking disclosure, the Parties shall meet and confer regarding the continued designation of any Confidential Information or whether any appropriate redactions may resolve the need to file documents under seal.  The Parties shall also meet and confer prior to trial on the continued designation of any Confidential Information as such and the appropriate mechanisms to use such exhibits, including use of redactions or presentation and discussion of the documents in a manner that allows full consideration by the judge and jury but nevertheless protects information from being disclosed to the gallery.  In the event that a Court denies a motion to seal, a request to clear the Courtroom, or other similar request, the party seeking to use the Confidential Information may use that information publicly as if it were non-confidential, and no further ruling from the Court is required regarding that information's status.

**10.  Disputes**

Each of the Parties stipulates that it shall be responsible for the conduct of the persons or

1 entities that it allows, deliberately or otherwise, to access Confidential Information. California
2 law shall apply to that dispute and the interpretation of the substance of this agreement.

**11. Duration**

This Stipulation shall remain in effect indefinitely. Within thirty days of the termination of the dispute between the Parties, whether by judgment dismissal, or other dispositive resolution, all Confidential Information shall be gathered and returned to the Producing Party, or the Receiving Party will certify in writing to the Producing Party that the Confidential Information has been destroyed and/or deleted.

**12. Signatures and Counterparts**

This Stipulation may be executed in any number of counterparts, each of which will be deemed an original and all of which together shall constitute a single instrument. Facsimile and electronic signatures shall have the same force and effect as original signatures.

1 | IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2 | Dated: June 24, 2013        **Plaintiff Gerald L. Righetti**

By: */s/ Dixie L. Noonan*
    Dixie L. Noonan
    O'Melveny & Myers LLP

Dated: June 24, 2013        **Defendant Neil Richman, M.D.**

By: */s/ Robert D. Sanford*
    Robert D. Sanford
    Supple & Canvel, LLP

Dated: June 24, 2013        **Defendant William Benda, Jr., M.D.**

By: */s/ Brad Hinshaw*
    Brad Hinshaw
    Hinshaw, Marsh, Still & Hinshaw

Dated: June 24, 2013        **State Defendants**

By: */s/ Micah C.E. Osgood*
    Micah C.E. Osgood
    Office of California Attorney General

FILER'S ATTESTATION

Pursuant to Local Rule 5-1(i)(3), I, Dixie L. Noonan, attest that I have obtained the concurrence of Brad Hinshaw, Robert Sanford, and Micah Osgood in the filing of this document and that I have and will maintain records supporting this concurrence for production as required.

*/s/ Dixie L. Noonan*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 6/25/13

The Ho[n]...
United ...

IT IS SO ORDERED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] STIPULATED
PROTECTIVE ORDER –
NO. C-11-2717 EMC

7